**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CARLOS TERAN,**

        **Plaintiff,**

                                                                                 **Case No. 11-cv-2236-JAR-DJW**

**v.**

**GB INTERNATIONAL S.P.A., et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This matter is before the Court on the following motions: Plaintiff Carlos Teran's Motion for Leave to Conduct Limited Jurisdictional Discovery Before Responding to Defendants' Motion to Dismiss and Motion for Enlargement of Time to Respond to Defendants' Motion to Dismiss Complaint (ECF No. 16); Plaintiff's Motion to Compel Federal Rules of Civil Procedure 26(f) Scheduling Conference (ECF No. 19); and Defendant GB International S.P.A., GB Miami S.R.L., and GB Italy's (collectively hereinafter referred to as Defendants) Motion to Stay Discovery (ECF No. 22).

**I. Relevant Background**

On April 22, 2011, Plaintiff filed his Complaint, alleging the following facts: Plaintiff, in April 2005, sold sixty-five (65%) percent of a company called Teran Tractors to Defendants, various corporate entities located in Italy. In November 2006, Defendants merged Teran Tractors and one of its competitors – American Crane & Tractor Parts, Inc. ("ACTP"). ACTP was the surviving entity after the merger. Plaintiff alleges, that, through a series of actions taken by Defendants designed to strip Plaintiff and ACTP of their customers in order to benefit Defendants' own businesses, ACTP's business was essentially destroyed and Plaintiff's shares in ACTP were

1

rendered worthless.  As well, Plaintiff, as an employee of ACTP, was damaged.

On August 15, 2011, Defendants filed a motion to dismiss Plaintiff's complaint for lack of personal jurisdiction and failure to state a claim.[1]  In that motion, Defendants contend the Court should dismiss Plaintiff's complaint because Defendants do not have sufficient minimum contacts with the State of Kansas to support the constitutional exercise of jurisdiction.  In support of the motion to dismiss, Defendants submitted the affidavits of two individuals associated with Defendants.  Defendants assert they do not have an office or any agents or employees in Kansas.  They claim the fact Defendants own stock in ACTP, a corporation that does business in Kansas, is insufficient to support personal jurisdiction, and that "personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent company [Defendants] does not exercise a high degree of control over the subsidiary [ACTP]."  Defendants argue Plaintiff has not alleged any facts to justify disregarding ACTP's corporate entity.

In his motion to conduct limited jurisdictional discovery, Plaintiff maintains that the limited discovery he seeks will allow him to present facts satisfying personal jurisdiction.  According to Plaintiff, limited discovery is required in order to establish, in contradiction to the affidavits Defendants submitted, that ACTP is a subsidiary of Defendants that regularly transacts business in Kansas. Plaintiff claims discovery will show that since Defendants' purchase of ACTP, Defendants have treated ACTP as an instrumentality, running ACTP into the ground at the expense of the minority shareholder in order to benefit another subsidiary.  Plaintiff contends that once he is able to establish this control and domination by Defendants, personal jurisdiction over ACTP in Kansas

---

[1] *See* ECF No. 7.

should be extended to personal jurisdiction over Defendants.

## II.  Early Discovery Sought

Plaintiff seeks leave to conduct limited discovery on the issues raised in the motion to dismiss.  Specifically, Plaintiff suggests the discovery he requires in order to respond to Defendants' assertion of lack of personal jurisdiction includes, but is not limited, to the following:

> 1. Depositions of the two affiants who swore that Defendants had limited involvement in ACTP and kept ACTP as a well-capitalized entity and was not a mere instrumentality;
>
> 2. Depositions of persons who did not file Affidavits, including Salvo Mazzotta and Ken Stacey, who Plaintiff believes will verify that Defendants were the puppet master of ACTP and that ACTP was unable to take any actions without Defendants' approval or direction;
>
> 3. Document Requests including e-mails, letters and facsimiles exchanged between ACTP and Defendants, meeting minutes and other documents that may show who was present in Kansas for meetings related to ACTP; and
>
> 4. Interrogatories directed to the issue of Defendants' communications, contact and business dealings with ACTP and banks to prove that Defendants purposefully availed themselves of this forum in transacting business and were present for meetings in Kansas on a regular basis.[2]

## III.  Applicable Legal Standard

Federal Rule of Civil Procedure 26(d)(1) prohibits a party from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."[3]  A party that seeks expedited discovery in advance of a Rule 26(f) conference has the burden to show good cause for the requested departure from usual

---

[2]*See* Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery Before Responding to Defendants' Motion to Dismiss and Motion for Enlargement of Time to Respond to Defendants' Motion to Dismiss Complaint (ECF No. 16).

[3]Fed. R. Civ. P. 26(d)(1).

discovery procedures.[4]   In considering the standard of good cause in the context of Rule 26(d), the court should also evaluate the scope of the requested discovery.[5]

The advisory committee notes to the 1993 amendments to Rule 26(d) suggest that discovery before the planning conference will be appropriate in cases involving motions that challenge personal jurisdiction.[6]   Courts in the District of Kansas have found expedited discovery warranted in similar situations, such as permitting limited discovery regarding the issue of personal jurisdiction and venue.[7]

By its present motion Plaintiff seeks discovery to determine whether facts exist upon which this Court can find personal jurisdiction over Defendants.  Defendants deny such jurisdiction. Defendants further contend that the facts are undisputed that show an absence of personal jurisdiction.  Specifically it points to the affidavits of Paul King, President of ACTP, and Stefano Borghi, Director of GB International S.P.A. and GB Miami S.R.L., attached as exhibits to the memorandum in support of its motion to dismiss.

Plaintiff contends, however, the relevant facts are in dispute.  The Court agrees with that contention.  Defendants have not shown, and the Court does not otherwise find, that Plaintiff has

---

[4]*Alpine Atl. Asset Mgmt. AG v. Comstock*, Civ. A. No. 07-2595-JWL, 2008 WL 618627, at * 1 (D. Kan. Mar. 3, 2008) (citing *Qwest Comm's Int'l, Inc. v. WorldQuest*, 213 F.R.D. 418, 419 (D. Colo. 2003)).

[5]*Interscope Records v. Does 1-14, Civ. A.* No. 07-4107-RDR, 2007 WL 2900210, at *1 (D. Kan. Oct. 1, 2007) (citing *Qwest Comm'cs*, 213 F.R.D. at 419).

[6]Fed. R. Civ. P. 26(d) advisory committee's notes.

[7]*See Dougherty Funding, LLC v. Gateway Ethanol, LLC*, No. 08-XC-2213-JWL, 2008 WL 2354965, at *1 (D. Kan. June 5, 2008) (defendant sought early limited written discovery regarding the membership of the plaintiff LLC in order to ascertain if diversity jurisdiction exists); *Alpine,* 2008 WL 618627, at * 1 (plaintiff sought early discovery consisting of ten interrogatories and requests for admission narrowly tailored to the issues of venue).

indeed admitted facts that negate jurisdiction. Plaintiff asserts a reasonable request for an opportunity to assemble evidence that may support jurisdiction. And conceivably it may rely upon whatever evidence Defendants may have to show either its activity in Kansas or the absence of it.

As the moving party, Plaintiff has the burden to show good cause for conducting discovery in advance of the Rule 26(f) planning conference. The Court finds that Plaintiff has established good cause to warrant the service of limited discovery regarding the issue of personal jurisdiction. Service of this discovery will promote judicial speed and economy and facilitate an informed ruling on Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim. In addition, there has been no showing that the discovery sought would be unduly burdensome or that Defendants would be prejudiced by having to respond to Plaintiff's proposed discovery prior to the parties' Rule 26(f) conference.

Also pending is Defendants' Motion to Stay Discovery (ECF No. 22). Defendant seeks an order "staying **any** discovery in this case, including any discovery conferences, until the Court makes a determination as to whether it may exercise personal jurisdiction over Defendants."[8] The Court finds that, in light of its foregoing ruling granting Plaintiff's Motion for Leave to Conduct Limited Discovery Before Responding to Defendant's Motion to Dismiss (ECF No. 16), the Court will grant Defendant's motion in part, staying all discovery not related to the issue of personal jurisdiction.

Also for consideration before the Court is Plaintiff's Motion to Compel Federal Rules of Civil Procedure 26(f) Scheduling Conference (ECF No. 19). In support, Plaintiff maintains that his counsel contacted opposing counsel to schedule the Rule 26(f) Scheduling Conference, but

---

[8]Defendant's Motion to Stay Discovery (ECF No. 22) at 1 (emphasis added).

defendants' counsel is refusing to participate, given Defendants' challenge to this Court's personal jurisdiction over them.  Essentially, Defendants oppose engaging in a Rule 26(f) Scheduling Conference until after the Court has ruled on their Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim (ECF No. 7).  The Court, in its discretion, finds that any discovery conference pursuant to Rule 26(f) should be stayed pending the outcome of the Court's ruling on Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim (ECF No. 7).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to Conduct Limited Discovery Before Responding to Defendant's Motion to Dismiss (ECF No. 16) is granted.  Plaintiff is granted leave to conduct limited discovery directed to the issue of personal jurisdiction over Defendants, prior to Plaintiff filing his Response to Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim (ECF No. 7).  Plaintiff is given until January 18, 2012, ninety (90) days from the date of entry of this order, for completion of such discovery.

**IT IS FURTHER  ORDERED THAT** Plaintiff is granted an enlargement of time of ten (10) days until after personal jurisdiction discovery is completed to either file his Response to the Motion to Dismiss Complaint, or to seek leave to file an Amended Complaint based on information learned through personal jurisdiction discovery.

**IT IS FURTHER  ORDERED THAT** Defendants' Motion to Stay Discovery (ECF No. 22) is granted in part and denied in part.  In light of the foregoing ruling on Plaintiff's Motion for Leave to Conduct Limited Discovery Before Responding to Defendant's Motion to Dismiss (ECF No. 16), Plaintiff will be permitted to engage in limited discovery relating to the issue of personal

jurisdiction over Defendants. All other discovery in this case is stayed until such time as the Court rules on Defendants' pending Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim (ECF No. 7).

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Compel Federal Rules of Civil Procedure 26(f) Scheduling Conference (ECF No. 19) is denied without prejudice. In the event the Court denies Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim (ECF No. 7), Plaintiff is granted leave to file a renewed Motion to Compel Federal Rules of Civil Procedure 26(f) Scheduling Conference within fifteen (15) days of the Court's entry of its order, should Plaintiff determine such motion is necessary.

Dated this 20th day of October, 2011.

s/ David J. Waxse

David J. Waxse,
United States Magistrate Judge