# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CARLOS TERAN,**

            **Plaintiff,**

                                      **Civil Action**

**v.**

                                        **No. 11-2236-JAR-GLR**

**GB INTERNATIONAL S.P.A.,**
**et al.,**

            **Defendants.**

## MEMORANDUM AND ORDER

In his original complaint Plaintiff claims that GB International S.P.A., GB Miami S.R.L., and GB Italy breached their fiduciary duty, interfered with a business relationship, engaged in unfair competition, and breached a shareholders agreement.[1]  Before the Court is Plaintiff's Motion for Leave to Amend Complaint (ECF No. 45).  After conducting jurisdictional discovery in response to a prior motion to dismiss, Plaintiff seeks to drop GB Italy as a defendant, because there appears to be no basis at this time to exercise personal jurisdiction over that entity.[2]  He also seeks to add American Crane and Tractor Parts as a defendant, because of a declaratory judgment action that he believes is important to resolve the claims in this action.[3]  Defendants oppose the proposed amendment on grounds that the grounds for jurisdiction are futile and the amended complaint does not state a valid claim for relief.[4]  For the reasons set out below, the motion is granted.

---

[1]*See* Compl. (ECF No. 1) at 9-14.

[2]*See* Mot. Amend. ¶ 7.

[3]*See id.*

[4]*See* Defs,; Opp'n Pl.'s Mot. Leave to Am. Compl. (Defs.' Opp'n) at 1.

## I.     Procedural History

Plaintiff commenced this action by filing a complaint on April 22, 2011.[5]  In August Defendants moved to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim.[6]  Plaintiff then sought, and was granted, leave to conduct limited jurisdictional discovery.[7] The Court also granted him ten days after completion of the discovery to either file a response to the motion to dismiss or to seek leave to file an amended complaint.[8]  Plaintiff then timely filed the instant motion to amend.  After Defendants filed their opposition to the motion, the Court denied Defendants' motion to dismiss without prejudice pending a ruling on the motion to amend.[9]  It specifically stated that "Defendants may renew the motion to dismiss if Plaintiff is denied leave to amend, or refile the motion with respect to the amended complaint if Plaintiff is granted leave to amend."[10]  Plaintiff then filed his reply brief.  The motion is fully briefed and ready for ruling.

## II.     Legal Standard Applicable to Motion for Leave to Amend

Parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Fed.

---

[5]*See* Compl.

[6]*See* Defs.' Mot. Dismiss (ECF No. 7).

[7]*See* Pl.'s Mot. Leave (ECF No. 16); Mem. & Order (ECF No. 25) (granting motion).

[8]*See* Mem. & Order at 6.

[9]*See* Order (ECF No. 49).

[10]*Id.*

R. Civ. P. 12(b), (e), or (f), whichever is earlier.[11]  Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave."[12]  Courts "should freely give leave when justice so requires."[13]  Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[14]

Courts may deny leave to amend, however, based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[15]  "Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend."[16]  In fact, the prejudice factor is the "most important" consideration in the decision.[17]  Typically, courts "find prejudice only when the amendment unfairly affects" a party's ability to prosecute or defend the lawsuit.[18]  This most often occurs when the amendment "raise[s] significant

---

[11] Fed. R. Civ. P. 15(a)(1).

[12] Fed. R. Civ. P. 15(a)(2).

[13] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[14] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[15] *Id.* (quoting *Foman,* 371 U.S. at 182).

[16] *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006).

[17] *Minter*, 451 F.3d at 1207.

[18] *Id.* at 1208.

new factual issues" or arises from a different theory or subject matter than previously asserted.[19]  To justify denying leave to amend, the proposed amendment must "work an injustice" to an opposing party.[20]  The party opposing the amendment has the burden to show a basis for denial.[21]

Whether to allow a proposed amendment, after the permissive period, addresses the sound discretion of the court.[22]  "In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[23]

## III.  Analysis

Plaintiff contends that his proposed amended complaint contains sufficient allegations to support personal jurisdiction over Defendants.[24]  He also asserts that the validity of his claims are more appropriately considered in the context of a motion to dismiss.[25]  Defendants, on the other hand, argue that the motion to amend should be denied "as futile because the Amended Complaint

---

[19]*Id.*; *accord Acker v. Burlington N. & Santa Fe R. Co.,* 215 F.R.D. 645, 654  (D. Kan. 2003) (stating that prejudice means undue difficulty in prosecuting or defending a lawsuit due to "a change of tactics or theories on the part of the other party") (quoting *Heslop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1313 (D. Kan. 2001)).

[20]*United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 209-10 (D. Kan. 1989)).

[21]*See, e.g., Acker,* 215 F.R.D. at 654 (prejudice); *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, Civ. A. No. 09-2616-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010) (futility).

[22]*See Foman,* 371 U.S. at 182; *Wilkerson v. Shinseki*, 606 F.3d 1256, 1268 (10th Cir. 2010); *Minter*, 451 F.3d at 1204.

[23]*Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[24]Pl.'s Reply at 2-5.

[25]*Id.* at 5-7.

fails to address the deficiencies raised by the Defendants' Motion to Dismiss."[26]   They further contend the proposed amended complaint is subject to dismissal for the same reasons as the original complaint.[27]

Defendants oppose the proposed amendment solely on grounds that the amended complaint would be subject to dismissal under Fed. R. Civ. P. 12(b) for lack of personal jurisdiction or for failure to state a claim.[28]   In some circumstances, it may be preferable for the Court to consider the futility of a proposed amendment on a claim-by-claim basis.   But when the parties opposing an amendment only rely on futility of amendment and the deadline for filing motions to dismiss has not passed, the Court may properly exercise its discretion to simply allow the entire amended complaint. Upon the filing of the amended complaint, Defendants would have an opportunity under Fed. R. Civ. P. 12(b) to seek dismissal on grounds of jurisdiction or for failure to state a claim.   Denial of their prior motion to dismiss was expressly without prejudice to their refiling the motion, if leave to amend be granted.   Allowing the filing of an amended complaint in these circumstances comports with the liberal amendment policy of Fed. R. Civ. P. 15(a), without prejudice to anyone opposing the amendment.   At this early stage of the litigation the Court finds the better course is to allow Plaintiff to file his amended complaint and then decide the jurisdictional issue and legal sufficiency

---

[26]*See* Defs.' Opp'n at 2.

[27]*See id.* at 3.

[28]Defendants do not suggest that Plaintiff has engaged in flagrant abuse or bad faith by seeking to amend his complaint.  They do not contend that there has been any inordinate or unexplained delay.  Nor do they argue that they would be prejudiced by the proposed amendment.  Under the facts before it, the Court indeed sees no legitimate basis for opposing the proposed amendment on any of these bases.  Plaintiff, moved to file his amended complaint early in this litigation – before the Court has even entered a scheduling order.  At this early stage of the litigation, the Court sees no potential prejudice to any Defendant from the filing of the proposed amendment.

of the claims upon a properly filed motion to dismiss.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 45) is granted, as set forth herein.   Plaintiff shall electronically file his Amended Complaint forthwith.

Dated in Kansas City, Kansas on this 25th day of April, 2012.


S/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge