**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CARLOS TERAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-2236-JAR |
| ) | |
| GB INTERNATIONAL, S.P.A., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Carlos Teran originally brought this lawsuit against Defendants GB International, S.P.A. and GB Miami, S.R.L. asserting claims for breach of fiduciary duty, tortious interference with a business relationship, unfair competition, declaratory relief, and breach of contract. In his First Amended Complaint filed April 26, 2012, Plaintiff added as a defendant American Crane and Tractor Parts, Inc. ("ACTP"). On January 29, 2013, in conjunction with its Order granting and denying in part Defendants' Motion to Dismiss (Doc. 73), the Court issued a Notice and Order to Show Cause (Doc. 72) requiring Plaintiff to show good cause in writing why service of the summons and First Amended Complaint had not been made upon ACTP within the required timeframe, and why this action should not be dismissed as to ACTP. Plaintiff served ACTP on February 4, 2013 (Doc. 76), then subsequently filed a response to the Court's Order to Show Cause (Doc. 75), seeking a permissive extension of time to have served the First Amended Complaint on ACTP. ACTP responded by filing a Motion to Quash Service of Process and to Dismiss Plaintiff's First Amended Complaint (Doc. 81).

Under Fed. R. Civ. P. 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It is undisputed that ACTP was not served within 120 days after the First Amended Complaint was filed.[1] A Rule 4(m) inquiry involves a two-step analysis: "[t]he preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service . . . If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."[2] That Plaintiff did, in fact, effect service after the 120-day period does not alter the Court's analysis.[3]

Plaintiff concedes that the reason service was not perfected within the 120-day deadline was simple oversight by Florida counsel, which does not constitute "good cause." Accordingly, the Court must determine whether a permissive extension is warranted. In determining whether to grant a permissive extension, several factors are appropriate to consider, including whether defendant was on notice of the lawsuit, whether defendant has been prejudiced by delay of service, and whether the applicable statute of limitations would bar the refiling of the action.[4] In this case, the factors favor an extension of time rather than dismissal. Although it does not

---

[1] Plaintiff has since filed a Motion for Leave to File Second Amended Complaint (Doc. 87). The 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148-49 (10th Cir. 2006) (citations omitted). ACTP was added as a defendant in the First Amended Complaint.

[2] *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995).

[3] *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003) (holding that service attempted outside the 120-day period is "without effect" absent a finding of good cause or a permissive extension).

[4] *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273-74 (D. Kan. 2004) (citing *Espinoza*, 52 F.3d at 842 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993))).

appear the statute of limitations has run on Plaintiff's breach of shareholder agreement claims against ACTP, it does not appear that ACTP would be prejudiced in defending the lawsuit as it has the benefit of the Court's ruling on the other named Defendants' Motion to Dismiss the First Amended Complaint. Moreover, ACTP has been on notice of Plaintiff's lawsuit since its commencement, as Defendant GB International is its majority shareholder, and ACTP participated in the personal jurisdiction discovery that took place prior to the filing of the First Amended Complaint. Under these circumstances, the Court finds that Plaintiff's service on ACTP on February 4, 2013, should be recognized as sufficient. The Court therefore overrules ACTP's motion to quash and dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant ACTP's Motion to Quash Service of Process and to Dismiss Plaintiff's First Amended Complaint (Doc. 81) is DENIED.

**IT IS SO ORDERED.**

Dated: July 19, 2013

                                                        S/ Julie A. Robinson
                                                       JULIE A. ROBINSON
                                                       UNITED STATES DISTRICT JUDGE