# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLOS TERAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11-2236-JAR |
| GB INTERNATIONAL, S.P.A., et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff Carlos Teran originally brought this lawsuit against Defendants GB International, S.P.A. and GB Miami, S.R.L. asserting claims for breach of fiduciary duty, tortious interference with a business relationship, unfair competition, declaratory relief, and breach of contract. In his First Amended Complaint filed April 26, 2012, Plaintiff added as a defendant American Crane and Tractor Parts, Inc. ("ACTP"). On January 29, 2013, the Court entered an Order granting in part Defendants' Motion to Dismiss (Doc. 73), without prejudice to seek leave to amend Count V of the First Amended Complaint related to Plaintiff's breach of Shareholders Agreement claim related to Section 1.3(b) of the Agreement. This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 86). Defendants oppose the motion (Doc. 90). For the reasons explained in detail below, the Court grants Plaintiff leave to amend.

### I. Procedural History

Defendants GB International and GM Miami are Italian corporations that own stock in ACTP, a Missouri corporation engaged in supplying aftermarket parts for heavy machinery.

Plaintiff worked for and owned shares in ACTP; he resigned from the company in 2010. Plaintiff's original Complaint alleged that GB International and GB Miami had carried out a scheme to damage ACTP's business in order to benefit one of Defendants' Italian subsidiaries engaged in the same business as ACTP. Plaintiff also alleged that GB Miami had improperly exercised a call right to purchase all of Plaintiff's shares in ACTP pursuant to the parties' Shareholder Agreement. Plaintiff asserted claims for 1) breach of fiduciary duty, 2) tortious interference with a business relationship, 3) unfair competition, and 4) two separate allegations that Defendants breached the Shareholders Agreement—one alleging breach based on GB Miami's exercise of the call right, and the other alleging breach based on the allegations that Defendants "continuously allowed ACTP to lose money." Plaintiff also sought a declaratory judgment on the parties' rights under the Shareholder Agreement, specifically that his employment with ACTP was not terminated, GB Miami did not have the right to repurchase his stock under the Shareholders Agreement, and that he is still the beneficial owner of his shares of ACTP stock and entitled to all benefits of ownership arising therefrom.

    Defendants moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction and failure to state a claim. Plaintiff sought limited discovery on the personal jurisdiction issue, and filed a First Amended Complaint, which dropped Defendant GB Italy and added ACTP. GB International and GB Miami renewed their motion to dismiss; ACTP did not join in the motion, as it had not been served nor entered an appearance. On January 13, 2013, the Court granted Defendants' motion to dismiss in part, dismissing Plaintiff's claims for breach of fiduciary duty and tortious interference because those claims could only have been pursued as derivative

claims.[1]  The Court also dismissed Plaintiff's second breach of contract allegation, without prejudice to seek leave to amend.[2]

Plaintiff seeks leave to amend to bring his breach of fiduciary duty and tortious interference claims as derivative claims in the name of ACTP.  Plaintiff also seeks leave to amend to add supportive facts for the portion of the breach of contract claim related to failure to comply with § 1.3 of the Shareholders Agreement; Plaintiff does not reassert this breach of contract claim against GB Miami, but instead newly asserts the claim against ACTP.

**II.  Standard**

Parties may amend pleadings "once as a matter of course" before trial if they do so within 1) twenty-one days of serving the pleading or 2) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[3]  Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave."[4]  Courts "should freely give leave when justice so requires."[5]  Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[6]

---

[1]Doc. 73.  Plaintiff voluntarily withdrew his unfair competition claim.

[2]*Id*.

[3]Fed. R. Civ. P. 15(a)(1).

[4]Fed. R. Civ. P. 15(a)(2).

[5]*Id*.; *accord Forman v. Davis*, 371 U.S. 178, 182 (1962).

[6]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Courts may deny leave to amend, however, based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[7] "Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend."[8] In fact, the prejudice factor is the "most important" consideration in the decision.[9] Typically, courts "find prejudice only when the amendment unfairly affects a party's ability to prosecute or defend the lawsuit.[10] This most often occurs when the amendment "raise[s] significant new factual issues" or arises from a different theory or subject matter than previously asserted.[11] To justify denying leave to amend, the proposed amendment must "work an injustice" to an opposing party.[12] The party opposing the amendment has the burden to show a basis for denial.[13]

Whether to allow a proposed amendment, after the permissive period, addresses the

---

[7]*Id.* (quoting *Forman*, 371 U.S. at 182).

[8]*Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006).

[9]*Minter*, 451 F.3d at 1207.

[10]*Id.* at 1208.

[11]*Id.*; *accord Acker v. Burlington N. & Santa Fe R. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003) (stating that prejudice means undue difficulty in prosecuting or defending a lawsuit due to "a change of tactics or theories on the part of the other party") (quoting *Helsop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1313 (D. Kan. 2001)).

[12]*United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 209–10 (D. Kan. 1989)).

[13]*See, e.g., Acker*, 415 F.R.D. at 654 (prejudice); *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010) (futility).

sound discretion of the court.[14] "In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[15]

## III. Discussion

Defendants argue that the derivative claims that Plaintiff proposes to add by virtue of his Second Amended Complaint are futile because Plaintiff is not currently a shareholder in ACTP, and thus lacks standing to assert derivative claims on behalf of ACTP. Defendants further argue that Plaintiff's proposed amended claim for breach of contract against GB International is likewise futile because Plaintiff has failed to point to any provision of the Shareholders Agreement that GB International allegedly breached. Plaintiff counters that the issue of whether the exercise of the call right with respect to his shares of stock was proper is the central issue in this case, and that GB International, through its complete control of ACTP, caused ACTP to breach Section 1.3(b) of the Shareholders Agreement.

Although they note that Plaintiff's motion to amend was filed four months after the Court's order dismissing his claims, Defendants do not suggest that Plaintiff has engaged in abuse or bad faith or that they would be prejudiced by the proposed amendment. Instead, Defendants GB Miami and GB International oppose the proposed amendment solely on grounds that Counts I, II and a portion of Count V are allegedly futile, because they are subject to dismissal under Fed. R. Civ. P. 12(b)(1) and (6). Under such circumstances, the Court may properly exercise its discretion to allow the amendment where the party opposing it will have an

---

[14]*See Forman*, 371 U.S. at 182; *Wilkerson v. Shinseki*, 606 F.3d 1256, 1268 (10th Cir. 2010); *Minter*, 451 F.3d at 1204.

[15]*Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

opportunity to challenge the sufficiency of newly added claims through a motion to dismiss.[16] Upon the filing of the second amended complaint, Defendants would have an opportunity under Fed. R. Civ. P. 12(b) to seek dismissal of any claims they now allege to be futile.[17] Moreover, Defendant ACTP did not join in the present motion, which was filed before the Court determined that Plaintiff had sufficiently effected service on ACTP.[18] Allowing the filing of an amended complaint in these circumstances comports with the liberal amendment policy of Fed. R. Civ. P. 15(a) without creating prejudice against the opposing party. Thus, at this stage of the litigation, the Court believes the better course is to allow the amended complaint and address the legal sufficiency of the allegedly futile claims on properly filed motions to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 87) is GRANTED. Plaintiff is hereby directed to electronically file the Second Amended Complaint forthwith.

**IT IS SO ORDERED.**

Dated: July 26, 2013

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

[16] *See Tommey v. Computer Sci. Corp.*, No. 11-2214-EFM, 2012 WL 646022, at *2, n.7 (D. Kan. Feb. 28, 2012) (collecting cases).

[17] The deadline for filing motions to dismiss for lack of jurisdiction or failure to state a claim under Rule 12(b) is October 16, 2013. Doc. 93.

[18] Doc. 92.